**Bykens v. Hsu**

*Vincent R. Baginski,* for plaintiffs.
*Susan Key,* for defendants.

TERPUTAC, *J.,* March 18, 1992—The plaintiffs brought this medical malpractice action against the defendants, Shien S. Hsu, M.D. and Mary Cavasina, M.D., alleging that the defendants improperly administered Procan-SR to the decedent, Wilbur C. Bykens, and failed to monitor his reaction to the medication. As a result, the plaintiffs allege that Bykens developed a lupus-like drug reaction to the Procan-SR, and that this reaction lead to Bykens' decline in health and eventual death.

The defendants have filed motions for partial summary judgment on the issue of informed consent. The defendants contend that Pennsylvania does not recognize a cause of action for failure to obtain informed consent of a patient in cases involving treatment with therapeutic drugs and that they are entitled to judgment as matter of law. The plaintiffs, on the other hand, cite *Tarter v. Linn,* 396 Pa. Super. 155, 578 A.2d 453 (1990), for the proposition that Pennsylvania appellate courts are on the verge of recognizing this cause of action and suggest that this court should help to expand the doctrine of informed consent.

The issue whether the plaintiffs' cause of action is recognized under Pennsylvania law should have been raised as a preliminary objection or judgment on the pleadings. Even so the court may enter partial summary judgment if it is clear that there are no issues of genuine fact and that the moving party is entitled to judgment as a matter of law. *Daughen v. Fox,* 372 Pa. Super. 405, 539 A.2d 858 (1988).

In *Tarter,* the plaintiffs asked the court to expand the informed consent doctrine to cover treatment by therapeutic drugs. The Pennsylvania Superior Court certified the case for en banc consideration of the informed consent issue; however, on review, it was determined that the plaintiffs failed to preserve the issue at trial. *Tarter* at 158, 578 A.2d at 454. Although the plaintiffs in the instant case contend that the Superior Court would reconsider its position and expand the informed consent doctrine, the *Tarter* court emphasized that "[b]y this opinion, we do not seek to give any indication of how we may view this proposed theory of liability." Id. at 166, 578 A.2d at 454.

The Pennsylvania Supreme Court has established that the doctrine of informed consent is grounded in technical battery. *Gray v. Grunnagle,* 423 Pa. 144, 223 A.2d 663 (1966). In order to expand the doctrine of informed consent to include treatment by therapeutic drugs, it is necessary to shift the grounding of the doctrine from the battery rationale to a negligence based rationale. Addressing this issue, the *Tarter* court stated:

"Although the battery rationale expressed in *Gray* has been recently challenged, see *Levenson v. Souser,* 384 Pa. Super. 132, 577 A.2d 1081 (1989), it is still the law in this Commonwealth. Our courts have expressly held, relying upon the *Gray* rationale, that informed consent does not apply to cases involving therapy by administration of drugs. *Boyer v. Smith,* 345 Pa. Super. 66, 497 A.2d 646 (1985), appeal denied 1986; *Malloy v. Shanahan,* 280 Pa. Super. 440, 421 A.2d 803 (1980)." *Tarter* at 159, 578 A.2d at 455.

In subsequent cases, the Superior Court has held that the doctrine of informed consent does not apply to cases involving treatment with therapeutic drugs. *Sin-*

*clair by Sinclair v. Block,* 406 Pa. Super. 540, 594 A.2d 750 (1991).

Under the circumstances, we decline to accept the plaintiffs' invitation to depart from the established law of informed consent and help to expand the concept to include treatment with therapeutic drugs. As Pennsylvania appellate courts have not recognized the doctrine of informed consent in these cases, we are constrained to grant the defendants' motions for partial summary judgment.

## ORDER

And now, March 18, 1992, it is ordered, adjudged and decreed that the motions for a partial summary judgment of the defendants, Shien S. Hsu, M.D. and Mary Cavasina, M.D., on the issue of lack of informed consent are granted.